**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Gregory P. Cassels** | : | |
| **2452 Lost Creek Drive,** | : | |
| **Flushing, Michigan, 48433,** | : | **Case No.** |
| | : | |
| **and** | : | |
| | : | **Judge** _____ |
| **Olga Cassels** | : | |
| **2452 Lost Creek Drive,** | : | |
| **Flushing, Michigan, 48433,** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | |
| | : | |
| **Schneider National Carriers, Inc.** | : | **JURY DEMAND** |
| **3101 South Packerland Drive** | : | **ENDORSED HEREON** |
| **Green Bay, WI 54313,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Farm Bureau General Insurance** | : | |
| **Company of Michigan** | : | |
| **7373 W. Saginaw Hwy.** | : | |
| **Lansing, MI  48917,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Rodney Karl** | : | |
| **766 Park Avenue** | : | |
| **Mansfield, Ohio 44901,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Glen Koons** | : | |
| **3964 State Route 309,** | : | |
| **Galion, Ohio 44833,** | : | |
| | : | |
| **Defendants** | : | |

## COMPLAINT OF GREGORY P. CASSELS AND OLGA CASSELS

Now come Plaintiffs, Gregory P. Cassels and Olga Cassels, by and through their attorneys, Tedd E. Bean, Attorney at Law, PC (Pro Hac Vice forthcoming) and John C. Camillus, Law Offices of John C. Camillus, LLC by and for their Complaint state as follows:

## PARTIES

1. Plaintiffs, Gregory P. Cassels and Olga Cassels (hereinafter referred to as "Plaintiffs") reside at 2452 Lost Creek Drive, Flushing, Michigan, 48433.  At all times pertinent hereto, Gregory P. Cassels is the husband of Olga Cassels.

2. Defendant, Schneider National Carriers, Inc. (hereinafter referred to as "Schneider"), is a corporation organized and existing under the laws of the State of Wisconsin, doing business as a nationwide interstate motor carrier and is subject to the jurisdiction of this Court, with this defendant causing tortious injury in the State of Ohio and doing substantial business and deriving substantial revenue in the State of Ohio.  Schneider has its principal place of business in Green Bay, Wisconsin.

3. Defendant, Rodney Karl (hereinafter referred to as "Karl"), resides at 766 Park Avenue, Mansfield, Ohio 44901. At all times pertinent hereto, Karl was employed by and/or was an agent of Schneider and was operating the subject commercial motor vehicle on behalf of Schneider.

4. Defendant, Glen Koons (hereinafter referred to as "Koons"), resides at 3964 State Route 309, Galion, Ohio 44833.

5. Defendant Farm Bureau General Insurance Company of Michigan (hereinafter referred to as "Farm Bureau") is an insurance company formed and existing under the laws of the state of Michigan with its headquarters and principal place of business in Michigan.

**JURISDICTION AND VENUE**

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. Section 1332(a). The amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are residents of and domiciled in various states.

7. This court has *in personam* jurisdiction over Defendants, because this case concerns their negligence in connection with an automobile crash that they caused, which occurred in Morrow County Ohio.

8. Venue is proper in this district pursuant to 28 U.S.C. Sec. 1391(b), because this is the judicial district in which the automobile crash which gives rise to Plaintiff Cassels' claims in this matter occurred.

**COUNT ONE**
**NEGLIGENCE CLAIMS AGAINST GLEN KOONS,**
**SCHNEIDER NATIONAL CARRIER, INC., AND RODNEY KARL**

9. The preceding paragraphs are hereby realleged as if fully restated herein.

10. On or about May 21, 2018, Plaintiff Gregory Cassels was traveling southbound on State Route 309 in Morrow County, which is a two-lane road heading in a north/south direction. While on SR 309, an unknown, unidentified vehicle, driven by John Doe, an unknown, unidentified driver, lost cargo, being a roll of carpet or carpet backing, onto the northbound lane of SR 309, creating an obstruction in the northbound lane of travel.  Plaintiff Gregory Cassels pulled his vehicle onto the southbound shoulder of SR 309 to act as a Good Samaritan, with the intent of removing the roll of carpet or carpet backing from obstructing the northbound lane.

11. At the same time, Karl, operating a Schneider semi-tractor trailer, was northbound on SR 309, approaching the obstruction.  Karl stopped his semi-tractor trailer in the middle of the northbound lane of travel, exited his vehicle to help move the roll of carpet, but did not put his

four-way emergency hazard flashers on to communicate to other drivers that his tractor-trailer presented a hazard to approaching motorists.  Karl's dangerous failure to notify traffic that his tractor-trailer was stopped in the middle of the road (using signaling equipment and methods available to him) disrupted traffic flow and forced traffic to react.  Karl's failure to pull his tractor-trailer safely to the side of the road to park disrupted traffic flow and forced traffic to react.

12. At about the same time, Koons, traveling northbound on SR 309 was an approaching motorist driving toward the rear of the Schneider semi-tractor trailer.  Koons failed to recognize that the Schneider semi-tractor was stopped and was unable to stop his vehicle without potentially hitting the rear of the semi-tractor trailer. Koons swerved to the right, avoiding the rear of the Schneider semi-tractor trailer, but continued on the right shoulder and berm of the northbound roadway and ultimately struck Plaintiff Gregory Cassels who was a pedestrian, still in the process of moving the roll of carpet or carpet backing off to the grassy shoulder of State Route 309's northbound lane.

13. Defendant Karl, among other things, failed to:

    a. perform the required pre-trip, during-trip and post-trip vehicle inspection;

    b. appropriately plan the route of travel;

    c. remain reasonably alert;

    d. drive in a safe and responsible manner;

    e. maintain reasonable and safe control of his vehicle;

    f. safely maneuver his commercial vehicle;

    g. reasonably and adequately communicate with other motorists;

    h. reasonably and adequately signal his intentions to other motorists;

    i. reasonably prepare to bring his vehicle to a safe stop;

j. reasonably pull his vehicle to the side of the road;

k. reasonably place his vehicle safely out of the traffic flow;

l. reasonably stop as if he was going to get out of his vehicle;

m. reasonably bring his vehicle to a safe stop;

n. activate his four-way emergency/hazard flashers;

o. reasonably warn other drivers that his tractor-trailer was a stopped vehicle in the flow of traffic;

p. place warning triangles to signal to other drivers that he was a stopped vehicle in the flow of traffic;

q. drive with the right amount of caution considering the size and weight of his commercial vehicle;

r. manage space around his vehicle;

s. exercise caution while traveling on a two-lane road;

t. exercise due care;

u. avoid becoming a hazard to the motoring public;

v. operate a commercial motor vehicle defensively;

w. operate a commercial motor vehicle without confusion;

x. operate a commercial motor vehicle without distraction;

y. operate a commercial motor vehicle in compliance with the required hours-of-service;

z. operate a commercial motor vehicle while not fatigued;

aa. operate a commercial motor vehicle while medically, physically and mentally fit; and,

      bb.    comply with the minimum safety standards required by the Federal Motor Carrier Safety Regulations.

      cc.    Other acts of fault/negligence that become known during discovery.

14. Karl was negligent, careless and/or reckless in the care, management and/or operation of his commercial motor vehicle and his conduct was a direct and proximate cause of the crash and permanent injuries and losses sustained by Plaintiffs.

15. At all times relevant hereto, Karl was an employee, agent, lessee or driver, and/or servant of Schneider and was acting in the course and scope of his agency and/or employment with Schneider which is responsible for the conduct of Karl under principles of *respondeat superior*.

16. At all times relevant hereto, the commercial motor vehicle described herein was operated under U.S. DOT No. 264184, registered to Schneider which is responsible for the conduct of Karl as a matter of law.

17. Irrespective of the employment/contractual relationship, Schneider is a motor carrier subject to Federal Motor Carrier Safety Administration (FMCSA) Regulations and State Law and is therefore responsible for the acts of Karl as a matter of law.

18. Defendant Koons, among other things, negligently failed to:

      a.    perform a reasonable vehicle inspection;

      b.    perform reasonable vehicle maintenance;

      c.    keep a proper lookout;

      d.    travel at a safe speed;

      e.    bring his vehicle to a safe stop;

      f.    maintain an assured clear distance ahead;

      g.    follow pavement markers;

      h.    not drive off the road;

      i.    maintain reasonable control of his vehicle.

      j.    drive with due care and caution for others.

      k.    pay attention and to keep a sharp lookout to see what was there to be seen.

19. Koons was negligent, careless, and/or reckless in the care, management, and/or operation of his vehicle and his conduct was a direct and proximate cause of the crash and the permanent injuries and losses suffered by Plaintiffs.

20. Koons' and Karl's negligent, careless, wrongful conduct constitutes prima facie evidence of negligence and/or negligence per se and was each a proximate cause of the crash with Plaintiff Gregory Cassels, resulting in harm, damage, and losses to Plaintiffs for which they are entitled to a recovery for damages.

21. As a direct and proximate result of each Defendants' negligence, Plaintiff Gregory Cassels sustained a left tibial plateau fracture, a pelvis fracture, a left scapular fracture, traumatic brain injury, post-traumatic stress disorder, loss of use of limb, disfiguring scarring, and injuries to other parts of his body, all of which resulted in pain and physical suffering, shock to his entire nervous and physical systems initially causing plaintiff Cassels to remain in hospitals and/or care facilities for 149 days and further requiring plaintiff Cassels to require physical therapy including to the present day which have left plaintiff Cassels with an inability to engage in his usual activities and have cause plaintiff Cassels extraordinary physical and emotional suffering and pain.

22. Plaintiffs further state that as a direct and proximate result of the defendants' negligence, Plaintiff Gregory Cassels has sustained vocational limitations.

23. Plaintiffs state that as a direct and proximate result of the Defendants' negligence he has suffered permanent injuries, including the loss of use of limb, disfiguring injuries, and an inability to independently care for himself.

## COUNT II
## DIRECT LIABILITY CLAIMS AGAINST
## SCHNEIDER NATIONAL, INC.

24. The preceding paragraphs are hereby realleged as if fully restated herein.

25. The Schneider Freightliner tractor and Hyundai trailer involved in the subject crash constituted a commercial motor vehicle operated by and under the direct control of Karl but was owned and/or leased by and under the control of Schneider and was being used on behalf of and for the benefit of Schneider at all times relevant hereto.

26. The operation, maintenance, and control of the commercial motor vehicle was governed, licensed, supervised, and regulated by State and Federal regulations and government regulatory agencies, and as such was operated pursuant to a certificate of authority given to Schneider to operate such vehicles on designated routes and to carry goods for hire by the FMCSA and/or other government regulatory body.

27. Plaintiff further states that Schneider was negligent with respect to vehicle maintenance of the Freightliner and Hyundai Trailer, failing to equip the subject commercial motor vehicle with safety equipment, including but not limited to proper and clean operational lighting, reflective tape, and/or other safety equipment, that likely would have prevented the crash or aided in the prevention of the within crash, and as such its wrongful conduct was a proximate cause of the injuries, damages and losses sustained by Plaintiffs.

28. Plaintiffs further state that Schneider was negligent in hiring, training, supervising, dispatching, route management, route planning, and/or retaining Karl as a commercial motor

vehicle driver, which resulted in creating a danger and hazard to the traveling public and anyone using public roadways, which wrongful conduct was a direct and proximate cause of the injuries, damages, and losses sustained by Plaintiffs, all in an amount to be proven at trial.

29. In addition, Karl was not properly skilled, competent, and/or legal to operate the subject commercial motor vehicle at the time of the crash, which lack of skill, incompetence, and/or illegality was known or should have been known by Schneider. As a consequence, Schneider was negligent in entrusting the commercial motor vehicle to Rodney, which negligence was a direct and proximate cause of the injuries, damages, and other losses sustained by Plaintiffs, all in an amount to be proven at trial.

## COUNT III
## LOSS OF CONSORTIUM CLAIM OF OLGA CASSELS

30. Plaintiffs incorporate each and every fact, statement, and allegation made and contained in all of the Plaintiffs' other claims, as though expressly rewritten and restated herein as part of Plaintiffs' Count III.

31. Plaintiff, Olga Cassels, is and was the wife of Plaintiff Gregory Cassels, and suffered the loss of the services and consortium of her husband, Plaintiff Gregory Cassels, as a direct and proximate result of the negligence of each Defendant

WHEREFORE, Plaintiffs pray for damages against Defendants, Glen Koons, Schneider National, Inc., Karl Rodney**,** and Farm Bureau Insurance, jointly and/or severally, individually and/or collectively, for Compensatory damages in an amount in excess Twenty-Five Thousand Dollars ($25,000.00), which will fully, fairly, and justly compensate Plaintiffs for all injuries, damages, and losses enumerated in the preceding paragraphs and proven at trial, together with costs, interest, and such other and further relief as this Honorable Court deems just and equitable.

## COUNT IV
## DECLARATORY JUDGMENT
## FARM BUREAU GENERAL INSURANCE CO. OF MICHIGAN

32. Plaintiffs incorporate each and every fact, statement, and allegation made and contained in all of the Plaintiffs' other claims, as though expressly rewritten and restated herein as part of Plaintiffs' Complaint against Farm Bureau.

33. On May 21, 2018, Plaintiff Gregory Cassels was insured through a Farm Bureau Insurance Automobile Liability Policy, being policy number PA-10837425 which provided for $500,000/$1,000,000 in uninsured/underinsured motorist coverage, as well as providing for First Party PIP/economic benefit payments pursuant to the above named policy and pursuant to the Michigan Automobile No-Fault laws, MCL 500.3101 et seq..

34. Pursuant to the above cited Farm Bureau insurance policy and pursuant to the Michigan No-Fault laws, Cross-Defendant Farm Bureau has paid First Party benefits on behalf of Greg Cassels in an amount exceeding $750,000, according to Farm Bureau.

35. Farm Bureau claims it is entitled to reimbursement for payments of First Party benefits on a "first dollar" basis, and before plaintiff is entitled to recover any monies recovered from plaintiffs BI (bodily injury), UM and/or UIM claims.

36. Plaintiff, Gregory Cassels, claims that Defendant Farm Bureau is entitled to a recovery of its first party benefit payments only after Plaintiff Gregory Cassels has been fully compensated for his noneconomic losses pursuant to well-recognized Michigan law.

37. An actual controversy exists between the parties with regard to their individual rights to any proceeds of a judgment in favor of Plaintiff Gregory Cassels and against claims for uninsured/underinsured motorist coverage as well as any bodily injury claims.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order finding that Defendant Farm Bureau is entitled to a recovery of its first party benefits only after Plaintiff Gregory Cassels has been fully compensated for his non-economic BI, UM/UIM losses.

Respectfully submitted,

*/s/ John C. Camillus*
John C. Camillus, Trial Attorney (0077435)
**Law Offices of John C. Camillus, LLC**
P.O. Box 141410
Columbus, OH 43214
(614) 992-1000
(614) 559-6731 (Facsimile)
jcamillus@camilluslaw.com

*/s/ Tedd E. Bean*
Tedd E. Bean, Attorney (pro hac vice forthcoming)
**Tedd E. Bean, Attorney at Law, P.C.**
10751 S. Saginaw St., Ste. G
Grand Blanc, MI 48439
(810) 695 6460
(810) 695-6435 (Facsimile)
teddebean@ameritech.net

*Counsel for Plaintiffs Gregory and Olga Cassels*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

*/s/ John C. Camillus*