**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**GREGORY P. CASSELS,** *et al.,*

         **Plaintiff,**

             **v.**

**SCHNEIDER NATIONAL CARRIERS,
 INC.,** *et al.,*

         **Defendants.**

**Case No. 2:21-cv-00191
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson**

<u>**OPINION AND ORDER**</u>

      This matter is before the Court on Defendants Schneider National Carriers, Inc. ("SNC")

and Rodney Karl's ("Defendants") Motion to Partially Dismiss Plaintiffs' Amended Complaint

for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 34, hereafter

"Defs.' Mot."). Plaintiffs filed a response (ECF No. 36, hereafter "Pls.' Resp."), and Defendants

replied (ECF No. 38, hereafter "Defs.' Reply"). For the following reasons, the Court **DENIES in**

**part and DENIES AS MOOT in part** Defendants' Motion to Dismiss.

**I. Background**

      This case arises out of a motor vehicle accident with a pedestrian in Morrow County, Ohio

on or around May 21, 2018. (*See generally* Am. Compl., ECF No. 33.) According to the Amended

Complaint, Plaintiff Gregory Cassels was driving southbound on State Route 309 ("SR 309") when

a roll of carpet fell off the back of a truck and obstructed the northbound side of the road. (*Id.* at ¶

9). Mr. Cassels stopped and exited his vehicle to move the carpet to the northbound shoulder. (*Id.*)

Defendant Rodney Karl, a truck driver and employee of Defendant SNC, approached Cassels from

the northbound direction in a SNC semi-tractor trailer. Karl stopped his trailer in the middle of the

northbound lane to help Cassels move the carpet to the northbound shoulder. (*Id.* at ¶ 10.) Karl allegedly did not turn on his trailer's emergency hazard lights. (*Id.* ¶ 10.)

Another northbound driver, Defendant Glen Koons, approached Cassels and Karl but failed to recognize that the SNC semi-tractor trailer was stopped. (*Id.* at ¶ 11.) Koons swerved to the right to avoid the trailer and struck Cassels who was still moving the carpet to the northbound shoulder. (*Id.*) Cassels suffered serious injuries including a left tibial plateau fracture, pelvic fracture, left scapular fracture, traumatic brain injury, post-traumatic stress disorder, loss of use of limb, disfiguring scarring, and injuries to other parts of his body. (*Id.* at ¶ 20.) Cassels alleges that Karl's failure to use emergency hazard flashers caused the accident and Cassels's injuries. (*Id.* ¶ 10.)

Plaintiff Cassels and his wife filed this action on January 19, 2021, against SNC, Rodney Karl, and Glen Koons asserting claims of negligence and loss of consortium. (*See* Compl., ECF No. 1.) On September 20, 2021, Defendants SNC and Karl filed a Partial Motion to Dismiss the Amended Complaint (ECF No. 34). The motion is ripe for review.

## II. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In determining this, a court must "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin., Corp.*, 281 F.3d 613, 619 (6th Cir. 2007). Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint

as true, [it][is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 677–79 (quoting *Twombly*, 550 U.S. at 556) (internal quotations omitted).

### III. Analysis

Defendants move to dismiss Plaintiffs' (1) negligent maintenance and failure to equip claim against SNC, and (2) negligence per se claim under the Federal Motor Carrier Safety Regulations (FMCSR).

### A. Negligent Maintenance and Failure to Equip Claims Against SNC

Defendants first argue that Plaintiffs' direct negligence claims against SNC are legal conclusions and do not plausibly support a claim for relief. (Defs.' Mot. at 6.) Plaintiffs respond that the claims are sufficiently pled because the Amended Complaint alleges that SNC failed to use safety equipment that would have prevented the crash. (Pls.' Resp. at 2–3.) The Amended Complaint states, in pertinent part:

> Schneider was negligent with respect to vehicle maintenance of the Freightliner and Hyundai Trailer, failing to equip the subject commercial motor vehicle with safety equipment, including but not limited to proper and clean operational lighting, reflective tape, and/or other safety equipment, that likely would have prevented the crash or aided in the prevention of the within crash, and as such its wrongful conduct was a proximate cause of the injuries, damages and losses sustained by Plaintiffs.

(Am. Compl. ¶ 26.)

Construing the Amended Complaint in a light most favorable to Plaintiffs, and taking these allegations as true, there is a reasonable inference that SNC is liable for negligent maintenance and failure to equip its vehicles. Plaintiffs' allegations that a lack of "clean operational lighting, reflective tape, and/or other safety equipment" may have prevented Plaintiffs' injuries is plausible on its face. In the case cited by Defendants, *Jones v. Praxair, Inc.*, No. 3:15-cv-277, 2016 U.S. Dist. LEXIS 83993, *9-10 (S.D. Ohio June 27, 2016), the Court found that the plaintiff's allegation

that the defendants "failed to use ordinary care in the maintenance and repair of its commercial motor vehicle," without some additional factual allegation "that faulty brakes or some other mechanical defect contributed in any way to the cause of the accident, [were] insufficient to state a plausible claim of negligence." Here, however, Plaintiffs specified that SNC's failure to equip the trailer with clean and operational lighting and reflective tape caused the accident. These allegations sufficiently state plausible claims of negligent maintenance and failure to equip. *See Iqbal*, 556 U.S. at 678. Contrary to Defendants' contention, Plaintiffs do not need to allege what safety equipment was on the truck at the time or specifically how the safety equipment contributed to the crash. (*See* Defs.' Reply at 3.) Defendants' motion to dismiss Plaintiffs' direct negligence claims (Count II) against SNC is therefore **DENIED**.

**B. Negligence Per Se for Violations of Federal Motor Carrier Safety Regulations.**

Defendants also move to dismiss Plaintiffs' negligence per se claim. Plaintiffs, however, contend that they do not assert a negligence per se claim. (Defs.' Mot. at 8; Pls.' Resp. at 2.) The Court **DENIES as moot** this part of Defendants' motion.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES in part and DENIES as moot in part** Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 34). This case remains open.

**IT IS SO ORDERED.**

**5/25/2022**                 **s/Edmund A. Sargus, Jr.**
**DATE**                                **EDMUND A. SARGUS, JR.**
                                       **UNITED STATES DISTRICT JUDGE**